IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND,<br><br>          Judgment Creditors,<br><br>  v.<br><br>GALOMEX CORPORATION, an Illinois corporation and WALLS SERVICES GROUP, LLC, an Illinois limited liability company,<br><br>          Judgment Debtors,<br><br>  and<br><br>ILSE MAGANA,<br><br>          Citation Respondent. | Case No. 17 cv 00592<br><br>Judge Mary M. Rowland<br><br>Room 1225 |

**MOTION FOR TURN OVER FOLLOWING, AND MOTION TO EXTEND,
<u>ILSE MAGANA THIRD-PARTY CITATION TO DISCOVER ASSETS</u>**

Plaintiffs Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the Funds"), through their counsel, Bruce C. Scalambrino and Gregg J. Simon of the law firm of Scalambrino & Arnoff, LLP, as their motion for turn over

following, and motion to extend, the third-party citation to discover assets of Ilse Magana ("Ilse"), states as follows:

## ENTRY OF JUDGMENT

1. The Funds sued Galomex Corporation ("Galomex") under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. §1001, *et seq.*, seeking to recover unpaid health and welfare benefit contributions, plus liquidated damages, interest and legal fees, owed the Funds based on an audit of Galomex's records.

2. This Court entered judgment in this matter in favor of the Funds and against Galomex on January 4, 2019 in the amount of $2,956,335.30, plus accruing interest, costs and reasonable attorneys' fees (the "Judgment").

3. On September 16, 2019, this Court held that Walls Services Group, LLC ("Walls LLC") was liable for the Judgment as well under the single-employer doctrine. See Docket Nos.56, 83-84.

4. On August 13, 2020, this Court, pursuant to Federal Rule of Civil Procedure 25, held that Wall Services Specialty Group Corporation ("Walls Corp.") was liable to the Funds as a judgment debtor on the judgments entered against Galomex on January 4, 2019 and against Walls LLC on September 16, 2019 in the amount of $2,956,335.30 plus fees and costs incurred by the Funds in enforcing the judgment. *See* Docket No. 156.

5. The Funds have instituted a number of citations in this matter and have conducted discovery in the bankruptcies filed by Galomex and Walls LLC.

## THE FUNDS SERVE THE ILSE CITATION

6. The Funds issued a Third-Party Citation to Discover Assets to Ilse (the "Ilse Citation"), the daughter of Galomex's owners, Rodolfo Magana and Sofia Magana (aka Sofia Es-

quivel), and the niece of Walls LLC's putative owner, Jose Luis Esquivel. A true and correct copy of the Ilse Citation is attached as Exhibit A.

7.      Ilse appeared for examination on October 3, 2019. *See* true and correct copy of the partial Ilse Citation transcript attached as Exhibit B.

8.      On October 14, 2019, the Funds filed an adversary proceeding in the bankruptcy proceeding filed by Rodolfo and Sofia Magana (the "Adversary Proceeding"). *See The Chicago Regional Council of Carpenters Pension Fund, et al., v. Rodolfo Magana and Sofia Esquivel (In re Rodolfo Magana and Sofia Esquivel)*, Adv. No. 19-00971, Docket No. 1, Complaint Objecting to Debtors' Discharge and Dischargeability of Debt ("Adversary Complaint"). The Adversary Complaint objects to the dischargeability of Rodolfo and Sofia Magana's debt to the Funds pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) and objects to their bankruptcy discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A).

9.      The Adversary Complaint alleges that Rodolfo and Sofia Magana utilized Galomex to pay their, as well as their children's, personal expenses.

10.     The Bankruptcy Court Judge in the Adversary Proceeding has not set a discovery cut off given the number of subpoenas to be issued relating to the multitude of transfers alleged to be fraudulent, including transfers relating to Ilse's personal expenses.

11.     As a result of the need to conduct discovery in the Adversary Proceeding, this Court extended the Ilse Citation until January 8, 2021. *See* Docket Nos. 128-129, 144, 170.

12.     In connection with the Ilse Citation, the citations served on Galomex's and Walls LLC's banks, and the discovery in the Adversary Proceedings as well as in Galomex's and Walls LLC's prior bankruptcies, the Funds discovered the Galomex and Walls LLC paid certain personal expenses of Ilse (the "Fraudulent Transfers"):

      a.      DePaul University:

| Date | Method | Payee | Amount | Exhibit |
|---|---|---|---|---|
| 2/10/2015 | Debit | DePaul | $1,920.50 | Ex. C[1], FMB GC 26; Ex. D[2], DePaul U 21 |
| 2/11/2015 | Debit | DePaul | $1,920.50 | Ex. E[3], PNC 2; Ex. D[4], DePaul U 21 |
| 4/16/2015 | Debit | DePaul | $300 | Ex. C, FMB GC 37; Ex. D, DePaul U 21 |
| 6/15/2015 | Debit | DePaul | $481.68 | Ex. E, PNC 3; |
| 6/16/2015 | Debit | DePaul | $300 | Ex. C, FMB GC 47; Ex. D, DePaul U 22 |
| | | Total: | *$4,922.68* | |

      b.      Rent:

| Date | Check | Payee | Amount | Exhibit |
|---|---|---|---|---|
| 5/17/2015 | 3573 | Jon Fieldman | $1,300 | Ex. E, PNC 6 |
| 6/1/2015 | 3585 | Jon Fieldman | $1,300 | Ex. E, PNC 7 |
| 6/30/2015 | 3648 | Jon Fieldman | $1,300 | Ex. E, PNC 8 |
| 8/1/2015 | 1745 | Jon Fieldman | $1,300 | Ex. C, FMB GC 505 |
| 12/1/2015 | 1950 | Jon Fieldman | $1,300 | Ex. C, FMB GC 458 |
| 1/1/2016 | 2523 | Jon Fieldman | $1,300 | Ex. C, FMB GC 441 |
| 5/1/2016 | 3263 | Jon Fieldman | $1,300 | Ex. C, FMB GC 360 |
| 6/1/2016 | 1538 | Jon Fieldman | $1,300 | Ex. C, FMB GC 331 |
| 7/2/2016 | 1634 | Jon Fieldman | $1,300 | Ex. C, FMB GC 317 |
| 8/1/2016 | 1718 | Jon Fieldman | $1,300 | Ex. C, FMB GC 295 |
| 1/1/2017 | 2150 | Jon Fieldman | $1,300 | Ex. C, FMB GC 248 |
| 4/1/2017 | 4124 | Jon Fieldman | $1,300 | Ex. E, PNC 9 |
| | | Total: | *$15,600* | |

*See also* Ex. B, Ilse Citation Transcript, p.58.

      c.      Dentist:

| Date | Check | Payee | Amount | Exhibit |
|---|---|---|---|---|
| 12/1/2015 | 1951 | Dr. Tony Cascino | $1,600 | Ex. C, FMB GC 457 |

*See also* Ex. B, Ilse Citation Transcript, pp.66-67.

---

[1] True and correct copies of Galomex's bank records produced by First Midwest Bank are attached as Exhibit C.

[2] True and correct copies of tuition records produced by DePaul University are attached as Exhibit D.

[3] True and correct copies of Galomex's bank records produced by PNC Bank are attached as Exhibit E.

[4] The payments made on 2/9/2015 and 2/10/2015 are combined on DePaul U 21 as one payment for the 2014-2015 Winter Term on 2/9/2015.

        d.     Gym:

| Date | Method | Payee | Amount | Exhibit |
|---|---|---|---|---|
| 3/6/2018 | Debit | Barry's Bootcamp | $285 | Ex. F[5], FMB WSG 79 |
| 3/14/2018 | Debit | Barry's Bootcamp | $9.92 | Ex. F, FMB WSG 79 |
| 3/19/2018 | Debit | Barry's Bootcamp | $9.92 | Ex. F, FMB WSG 79 |
| 4/9/2018 | Debit | Barry's Bootcamp | $30 | Ex. F, FMB WSG 81 |
| 4/10/2018 | Debit | Barry's Bootcamp | $30 | Ex. F, FMB WSG 81 |
| 4/17/2018 | Debit | Barry's Bootcamp | $30 | Ex. F, FMB WSG 82 |
| 4/18/2018 | Debit | Barry's Bootcamp | $9.92 | Ex. F, FMB WSG 82 |
| 4/25/2018 | Debit | Barry's Bootcamp | $30 | Ex. F, FMB WSG 82 |
| 4/30/2018 | Debit | Barry's Bootcamp | $30 | Ex. F, FMB WSG 82 |
| | | *Total:* | *$465* | |

*See also* Ex. B, Ilse Citation Transcript, pp.51-54.

        e.     Furniture:

| Date | Check | Payee | Amount | Exhibit |
|---|---|---|---|---|
| 3/9/2017 | 91 | Walter E. Smyth | $7,496.87 | Ex C., FMB GC 239 |

*See also* Ex. B, Ilse Citation Transcript, p.59.

        f.     Family dog:

| Date | Check | Payee | Amount | Exhibit |
|---|---|---|---|---|
| 8/24/2016 | 3819 | Ilse Magana | $200 | Ex. E, PNC 4-5 |

*See also* Ex. B, Ilse Citation Transcript, p.33-35.

13.    While Ilse testified that payments were made to her creditors in lieu of payments to her for work completed, *see* Ex. B, Ilse Citation Transcript, pp.9-11, 13-14, 19, 58, no supporting tax or time records have ever been produced by Ilse, Galomex, or Walls, LLC to support Ilse's claims. *See e.g.,* Ex. B, Ilse Citation Transcript, pp.7-8, 18-20.

## CITATION STANDARDS

14.    District courts follow the "law of supplementary proceedings of the state in which they sit." *Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 191 (7th Cir. 2008);

---

[5]True and correct copies of Walls, LLC's bank records produced by First Midwest Bank are attached as Exhibit F.

Fed.R.Civ.P. 69(a). In Illinois, supplementary proceedings are governed by 735 ILCS §5/2-1402 and Illinois Supreme Court Rule 277. Supplementary proceedings are designed to assist a judgment creditor in discovering assets of the judgment debtor in order to satisfy an unpaid judgment. *Pyshos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 622-23 (1st Dist. 1994). "Section 2-1402 is to be construed liberally, not only providing for the discovery of a debtor's assets and income, but also vesting the courts with 'broad powers to compel the application of discovered assets or income to satisfy a judgment.'" *City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878 (1st Dist. 1998)(citing *Kennedy v. Four Boys Labor Servs.*, 279 Ill. App. 3d 361, 367 (2d Dist. 1996)); *accord Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1135 (7th Cir. 2001). The procedure allows a creditor to conduct an examination of a third party in order to discover assets and information relating to a debtor's assets; it also enables a creditor to request that the third party produce records in its possession or control which have, or may contain, information concerning the debtor's property or income. 735 ILCS 5/2-1402(a); Illinois Supreme Court Rule 277(c)(4).

15. A judicial lien on all of the judgment debtors' non-exempt property in Ilse's possession was created at the time of the Ilse Citation's service. *Cacok v. Covington,* 111 F.3d 52, 54 (7th Cir. 1997); Fed. R. Civ. P. 69(a)(state law supplementary procedures apply in judgment enforcement proceedings); 735 ILCS 5/2-1402(m); Illinois Supreme Court Rule 277.

**A TURN OVER JUDGMENT IS APPROPRIATE**

16. The Funds are entitled to turn over of the amount of the Fraudulent Transfers made by Galomex and/or Walls LLC in order to partially satisfy the judgment in this matter. *See* 735 ILCS 5/2-1402(c)(3)(court may enter judgment against any citation respondent ordering the

delivery of judgment debtor's assets discovered in their possession); *see also* 740 ILCS 160/5(a) and 740 ILCS 160/6.

17. Entry of a judgment in the favor of the judgment debtors, for the use of the Funds, against Ilse in the amount of $30,284.55, plus five percent (5%) prejudgment interest as permitted by the Illinois Interest Act, 815 ILCS 205/0.01, commencing as of the date of each Fraudulent Transfer until the date of the entry of judgment, is appropriate as a matter of law.

**EXTENDING THE CITATION IS NECESSARY WHILE THE MOTION IS PENDING**

18. Illinois Supreme Court Rule 277(f) allows for the Court to extend citation proceedings:

> **When Proceeding Terminated.** A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require….

19. As good cause exists to extend Ilse's Citation; *i.e.,* the need for the parties to brief the motion or for the Court to hold an evidentiary hearing on the same, etc., the Funds request that this Court extend Ilse's Citation as allowed under Illinois Supreme Court Rule 277(f).

WHEREFORE, the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program and the Labor/Management Union Carpentry Cooperation Promotion Fund request that this Court enter an order:

a. compelling Ilse Magana to turn over $30,284.55, plus five percent (5%) calculated from the date of each Fraudulent Transfer through the date of judgment, she owes the judgment debtors pursuant to the served Third-Party Citation to Discover Assets;

7

b. entering judgment against Ilse Magana, in the favor of Galomex Corporation, Walls Services Group, LLC, and Wall Services Specialty Group Corporation for the use of the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program and the Labor/Management Union Carpentry Cooperation Promotion Fund, in the amount of $30,284.55, plus five percent (5%) prejudgment interest as permitted by the Illinois Interest Act, 815 ILCS 205/0.01, calculated from the date of each transfer through the date of judgment;

c. extending the deadline for Ilse Magana's Third-Party Citation to Discover Assets for good cause shown while this motion is pending; and

d. for any and all other relief that this Court deems appropriate.

**CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND,**

By: /s/ Gregg J. Simon
    One of their attorneys

**Bruce C. Scalambrino (ARDC 06193809)**
**Gregg J. Simon (ARDC 06216852)**
**Scalambrino & Arnoff, LLP**
**105 West Madison Street**
**Suite 1600**
**Chicago, Illinois 60602**